IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.            No. 05-40003-01/02-SAC

TANZITARO GUERRERO
and ALFREDO TORRES,

    Defendants.

MEMORANDUM AND ORDER

  This case is before the court on the defendant's separate petitions for writ of error audita querala. (Dks. 112 and 113). The defendants' petitions are nearly identical and differ only in describing the respective sentences imposed on them. As the record shows, in August of 2005, both defendants entered conditional pleas of guilty to count one of the indictment and reserved the right to appeal the district court's suppression rulings. On March 27, 2006, the court sentenced the defendant Guerrero to 120 months of custody (Dk. 68) and the defendant Torres to 292 months of custody (Dk. 69). Both defendants appealed the suppression ruling, and the Tenth Circuit affirmed the district court's judgment. (Dks. 97 and 98).

Twenty-two months after the Tenth Circuit's mandate, the defendant Torres filed a motion to vacate under 28 U.S.C. § 2255 in May of 2009. (Dk. 99). The district court dismissed the § 2255 motion as barred by the one-year statute of limitations and denied the defendant Torres a certificate of appealability. (Dk. 110). Since the Tenth Circuit's mandate in January of 2007, the defendant Guerrero has not filed a motion seeking post-conviction relief.

The defendants' petitions first contend that the district court clearly erred in its suppression ruling. The petitions also erroneously contend that the defendants were convicted and sentenced prior to the line of Supreme Court decisions culminating in *United States v. Booker*, 543 U.S. 220 (2005), and, therefore, the sentencing court erred in relying on presentence reports which treated the sentencing guidelines as mandatory. The defendant argues the *Booker* case law creates new rights for which he has no other cognizable relief under any post-conviction remedy.

"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002) (citations and internal quotation marks omitted).

2

"[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *United States v. Torres*, 282 F.3d at 1245 (citations and internal quotation marks omitted). "'A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.'" *United States v. Muldrow*, 2010 WL 1707994 at *1 (10th Cir. Apr. 28, 2010) (quoting *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001)). In other words, that the movant "is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). A movant cannot evade the procedural restraints on successive § 2255 petitions "by simply styling a petition under a different name." *Torres*, 282 F.3d at 1246 (citations omitted).

The defendants' petitions for writ of audita querela do not attack the integrity of any § 2255 proceedings. Their challenge to the suppression ruling only revives arguments already rejected on appeal and is not based on any matters arising after that ruling. They falsely premise their *Booker* challenge on having been convicted and sentenced before *Booker*. The

record shows otherwise and establishes that the sentencing court regarded the sentencing guideline range calculated in the presentence report to be only "advisory." (Dk. 108, p. 4). The defendants' different constitutional challenges seek relief based on arguments that must be pursued under § 2255. *See United States v. McIntyre*, 313 Fed. Appx. 160, 162 (10th Cir. Feb. 23. 2009). For this reason, there is no gap in the post-conviction remedies to justify use of the writ.

IT IS THEREFORE ORDERED that the defendants' petitions for writ of error audita querela (Dks. 112 and 113) are denied.

Dated this 13th day of May, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge